IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANGEL DIAZ-MICIADES APONTE, :
:
        Petitioner, :
:
VS. :
                                          :   NO. 5:14-CV-151 (MTT)
Warden DON BARROW, :
:
        Respondent. :   **O R D E R**

Petitioner **ANGEL DIAZ-MICIADES APONTE**, a prisoner at Washington State Prison, has filed a 28 U.S.C. § 2241 habeas action (Doc. 1). In compliance with this Court's May 14, 2014 Order (Doc. 3), Petitioner has completed and submitted the Court's section 2241 form (Doc. 4).

As discussed in the May 14th Order, Petitioner is presently serving a 25-year sentence arising out his 2008 state court conviction for trafficking in cocaine. According to Petitioner, the Georgia State Board of Pardons and Paroles (the "Board") allegedly issued Petitioner a "parole certificate," but revoked that certificate and declared Petitioner "parole ineligible" after a federal immigration judge ordered Petitioner's removal from the United States.

It was unclear in Petitioner's initial filing whether he wished to challenge the Board's decision or the United States Immigration and Customs Enforcement's ("ICE") failure to deport Petitioner to his native Dominican Republic. It appears from Petitioner's section 2241 form that he does not wish to challenge the Board's action, but instead

wishes to effect his deportation.   For example, as relief, Petitioner requests that this Court direct "the United States Attorney [to] issue an order to (ICE) to start the deportation procedure, or consider Petitioner['s] filing of an application for cancellation of removal based on the hardship of Petitioner's U.S. born children and wife, who is also a U.S. citizen."

Under 8 U.S.C. § 1231(a)(1)(A), when an alien is ordered removed, the Attorney General must generally remove the alien from the United States within 90 days of the latest of the following dates:   (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and a court orders a stay of removal, the date of the court's final order; or (3) if the alien is detained or confined, the date the alien is released from detention or confinement.   8 U.S.C. § 1231(a)(1)(B).   The Attorney General, however, generally "may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment."   **See** 8 U.S.C. § 1231(a)(4)(A); **see also U.S. v. Brito**, 347 F. App'x 520, 521 (11th Cir. Sept. 30, 2009). Petitioner thus has no right to deportation while he is incarcerated pursuant to a state court sentence.   **See Duamutef v. I.N.S.**, 386 F.3d 172, 179 (2d Cir. 2004) ("The law is clear that while [an alien] is still serving his state sentence, the Attorney General is under no obligation to execute a deportation order.").   Moreover, Petitioner has no private right of action to compel removal.   **See** 8 U.S.C. § 1231(a)(4)(D).

Even if Petitioner were challenging the Parole Board's revocation of his "parole certificate," said challenge would fail.   As the Court noted in its prior Order, there is generally no constitutional right to parole, and Petitioner has alleged no facts supporting a challenge to the Board's action.   Moreover, the Court instructed Petitioner in its May 14th

Order to state any steps he had taken to exhaust his state remedies with respect to the Board's action (such as filing a mandamus action in state court). Yet Petitioner makes no suggestion in his section 2241 form that he has taken any such steps. Exhaustion of state court remedies is required before a Petitioner can proceed in a section 2241 action. **Thomas v. Crosby**, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). Thus, Petitioner did not give the state court "a full and fair opportunity to address [his parole] claim on the merits." **Footman v. Singletary**, 978 F.2d 1207, 1210-11 (11th Cir. 1992).

Based on the foregoing, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this 17th day of June, 2014.

                                                         S/ Marc T. Treadwell
                                                         MARC T. TREADWELL, JUDGE
                                                         UNITED STATES DISTRICT COURT

cr